UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Noel Ortiz,<br><br>        Plaintiff,<br><br> -v-<br><br>Threeline Imports, Inc., and<br>Malvina Kerzhner,<br><br>        Defendants. | Civ. Action #:<br><br>**Complaint**<br><br>Date Filed:<br><br>**Jury Trial Demanded** |

  Plaintiff Noel Ortiz ("Plaintiff" or "Ortiz"), by Abdul Hassan Law Group, PLLC, his attorneys, complaining of the Defendants Threeline Imports, Inc., and Malvina Kerzhner (collectively "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges, that he was employed by Defendants, individually and/or jointly and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week, and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. §§ 216(b).

2. Plaintiff further complains pursuant to New York Labor Law, that he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week, and (ii) is entitled to maximum liquidated damages and attorneys' fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law§§ 650 et seq., including NYLL § 663, and the regulations thereunder.

3. Plaintiff is also entitled to recover his unpaid wages, and wage deductions, under Article 6 of the New York Labor Law including Section 191, 193, and maximum compensation for not

1

receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages, including maximum liquidated damages on all wages paid later than weekly, interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

## THE PARTIES

7. Plaintiff Noel Ortiz ("Plaintiff" or "Ortiz") is an adult, over eighteen years old, who currently resides in Kings County in the State of New York.

8. Upon information and belief and at all times relevant herein, Threeline Imports, Inc. ("Threeline"), was a New York for-profit corporation.

9. Upon information and belief and at all times relevant herein, the corporate Defendant was owned/controlled/managed by Defendant Malvina Kerzhner ("Kerzhner") who was in charge of the operations and management of Threeline.

10. At all times relevant herein, Defendants, individually and/or jointly, controlled the employment of Plaintiff and were responsible for hiring, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment, among other employment functions.

11. Upon information and belief, Defendants shared a place of business in Kings County, New York at 14A 53rd Street, Brooklyn, NY 11232.

12. At all times relevant herein, Defendants employed Plaintiff individually and/or jointly.

## STATEMENT OF FACTS

13. Upon information and belief, and at all relevant times herein, Defendants were engaged in the business of importing food products from countries overseas and reselling and distributing them to customers in the New York area. See http://threelineimports.loddepot.com

14. At all times relevant herein, Defendants employed approximately fifteen employees.

15. Upon information and belief, and at all times relevant herein, Plaintiff was employed by Defendants, individually and/or jointly, from in or around 2008 to on or about March 29, 2017.

16. At all times relevant herein, Plaintiff was employed by Defendants as a manual worker to perform a variety of functions including cleaning, stocking, packing etc.

17. At all times relevant herein, Plaintiff was paid at an hourly rate of $8.50 - $15 an hour at separate times during his employment with Defendants.

18. From in or around 2008 until in or around late 2016, Plaintiff worked at about 50-60 hours a week, 6 days a week and was paid at his straight regular rate of all hours worked including his overtime hours (hours over 40 in a week) and Plaintiff was paid separately for his overtime hours worked at his regular rate of pay – numbers that will be refined when Defendants produce wages and time records it was required to keep under the FLSA and NYLL.

19. Plaintiff incorporates herein, _accurate_ records of his time, wages and employment that Defendants were required to keep pursuant to the FLSA and NYLL.

20. At all times relevant herein, Defendants did not pay Plaintiff all his weekly wages earned, on the regular pay day for that week – Defendants would pay Plaintiff some of his weekly wages on his regular pay for that week and would pay Plaintiff the remaining wages for hours worked in that same week, on the following pay day in violation of NYLL 191 (1)(a)(i).

21. At all times relevant herein, Defendants did not provide Plaintiff with the notice(s) required by NYLL 195(1).

22. At all times relevant herein, Defendants did not provide Plaintiff with the statement(s) required by NYLL 195(3) – the wage statements provided to Plaintiff did not contain all hours worked by Plaintiff nor did it state Plaintiff's correct rate of pay, among other deficiencies.

23. Upon information and belief and at all times relevant herein, Defendants had annual revenues and/or expenditures in excess of $500, 000. Plaintiff references and incorporates herein, accurate copies of records of Defendants' business volume and revenues as well as business operations and commerce that Defendants were required to keep and maintain under the FLSA including under 29 CFR 516.

24. Upon information and belief and at all times relevant herein, Defendants conducted business with companies outside the state of New York.

25. Upon information and belief, and at all times relevant herein, Defendants and Plaintiff conducted business with insurance companies outside the state of New York.

26. Upon information and belief and at all times relevant herein, Defendants purchased equipment and supplies from vendors outside the state of New York.

27. At all times applicable herein, Defendants conducted business with vendors and other businesses outside the State of New York.

28. Defendants as a regular part of their business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

29. Defendants as a regular part of their business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

30. At all times applicable herein and upon information and belief, Defendants utilized the instrumentalities of interstate commerce such as the United States mail, electronic mail, the internet and telephone systems.

31. At all times relevant herein and for the time Plaintiff was employed by Defendants, Defendants failed and willfully failed to pay Plaintiff an overtime rate of at least 1.5 times his regular rate of pay for all hours worked in excess of forty hours in a week for each week in which such overtime was worked.

32. Upon information and belief, and at all relevant times herein, Defendants failed to display federal and state minimum wage/overtime posters.

33. Upon information and belief, and at all relevant times herein, Defendants failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies.

34. "Plaintiff" as used in this complaint refers to the named Plaintiff.

35. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq.

36. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 35 above as if set forth fully and at length herein.

37. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the FLSA – 29 USC § 201 et Seq.

38. At all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or Defendants constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. § 207.

39. At all times relevant herein, Defendants transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

40. At all times relevant herein, Defendants <u>failed</u> and <u>willfully failed</u> to pay Plaintiff overtime compensation at rates not less than one and one-half times his regular rate of pay for each hour worked in excess of forty hours in a week, in violation of 29 U.S.C. § 207.

**Relief Demanded**

41. Plaintiff is entitled to recover from Defendants, his unpaid overtime wage compensation, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

**AS AND FOR A SECOND CAUSE OF ACTION**
**NYLL 650 et Seq. (Unpaid Overtime)**

42. Plaintiff alleges, and incorporates by reference the allegations in paragraphs 1 through 40 above as if set forth fully and at length herein.

43. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations and wage orders thereunder including 12 NYCRR § 142.

44. At all times relevant herein, Defendants <u>failed</u> and <u>willfully failed</u> to pay Plaintiff overtime compensation at rates not less than 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a work-week, in violation of the New York Minimum Wage Act and its implementing regulations and wage orders. N.Y. Lab. Law §§ 650 et seq., including 12 NYCRR § 142-2.2.

**Relief Demanded**

45. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, his unpaid overtime compensation, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1).

## AS AND FOR A THIRD CAUSE OF ACTION
**(NYLL § 190, 191, 193, 195 and 198)**

46. Plaintiff alleges, and incorporates each and every allegation contained in paragraphs 1 through 45 above with the same force and effect as if fully set forth at length herein.

47. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198 and the applicable regulations thereunder, including as a manual worker who should have been paid no later than weekly pursuant to NYLL 191 (1)(a)(i).

48. Defendants violated and willfully violated NYLL §§ 190 et seq., including §§ 191, 193 and 198, by failing to pay Plaintiff his unpaid overtime wages, (FLSA and NYMWA), as required under NY Labor Law § 190 et seq. including NYLL 191(1)(a).

49. At all times relevant herein, Defendants failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL § 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL § 198 including NYLL § 198(1-b), as well as an injunction directing Defendants to comply with NYLL § 195(1).

50. At all times relevant herein, Defendants failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL § 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL § 198 including NYLL § 198(1-d), as well as an injunction directing Defendants to comply with NYLL § 195(1).

## Relief Demanded

51. Due to Defendants' New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiff is entitled to recover from Defendants, his entire unpaid wages, including his unpaid overtime wages, (FLSA and NYMWA), wage deductions, maximum liquidated damages, including maximum liquidated damages on all wages paid later than weekly, prejudgment interest, maximum recovery for violations of NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

52. Declare Defendants (including their overtime and wage payment policy and practice), to be in violation of the rights of Plaintiff, under the FLSA and New York Labor Law – 12 NYCRR § 142, and Article 6 of the NYLL – NYLL § 190 et Seq.

53. As to the **First Cause of Action**, award Plaintiff his unpaid overtime wages due under the FLSA, together with maximum liquidated damages, costs and attorneys' fees pursuant to 29 USC § 216(b);

54. As to the **Second Cause of Action**, award Plaintiff his unpaid overtime wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR §§ 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

8

55. As to the **Third Cause of Action**, award Plaintiff any and all outstanding wages, including his entire unpaid wages, including his unpaid overtime wages, (FLSA and NYMWA), wage deductions, maximum liquidated damages, including maximum liquidated damages on all wages paid later than weekly, prejudgment interest, maximum recovery for violations of NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

56. Award Plaintiff, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

57. Award Plaintiff such other, further and different relief as the Court deems just and proper.

Dated: Queens Village, New York
      April 21, 2017

Respectfully submitted,

Abdul Hassan Law Group, PLLC

/s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 -Fax: 718-740-2000
Email: abdul@abdulhassan.com